12-1790-cv
Santulli v. Russello

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 18th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                      *Circuit Judges*.

_____

MICHAEL SANTULLI, ROSEMARIE SANTULLI, OUR FUTURE
LLC, M. SANTULLI, LLC,

                      *Plaintiffs-Counter-Defendants-Appellees*,


           -v-                                          12-1790-cv

FRANCIS RUSSELLO, INDIVIDUALLY AND AS A CODE
ENFORCEMENT OFFICER OF THE TOWN OF BROOKHAVEN,
NEW YORK, PATRICK CAMPBELL, INDIVIDUALLY AND AS A
CODE ENFORCEMENT OFFICER OF THE TOWN OF
BROOKHAVEN, NEW YORK, ROBERT N. INCAGLIATO,
INDIVIDUALLY AND AS A SENIOR INSPECTOR OF THE TOWN
OF BROOKHAVEN, NEW YORK, RAYMOND NEGRON,
INDIVIDUALLY AND AS ASSISTANT TOWN ATTORNEY, TOWN
OF BROOKHAVEN, JAMES BUCHNER, BADGE NO. 56,
INDIVIDUALLY AND AS A FIRE MARSHAL OF THE TOWN OF
BROOKHAVEN, NEW YORK, CHRISTOPHER J. MEHRMAN,
BADGE NO. 46, INDIVIDUALLY AND AS A SENIOR FIRE
MARSHAL OF THE TOWN OF BROOKHAVEN,

                      *Defendants-Counter-Claimants-Appellants*.

Appearing for Appellees:     David Berg, Berg Law PLLC, Brooklyn, NY.

Appearing for Appellants:     Timothy Hill, Sinnreich Kosakoff & Messina LLP, Central Islip, NY.

Appeal from the United States District Court for the Eastern District of New York  (Platt, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **REVERSED** in part and **DISMISSED** in part for lack of appellate jurisdiction.

Defendants-Appellants, Francis Russello, Patrick Campbell, Robert Incagliato, Raymond Negron, James Buchner, Christopher Mehrman, and Salvatore Garafalo, individually and in their official capacities as officers of the Town of Brookhaven, New York, appeal from the district court's order entered on April 2, 2012.  Having found genuine issues of material fact remain with regards to Plaintiffs-Appellees' claims, the district court denied Defendants' motion for summary judgment.

Plaintiffs-Appellees are the owners of seven rental properties in Brookhaven, New York.  Their claims arise from the fact that Defendants issued fifty-eight summonses on these properties, fifty-six of which were dismissed on the merits.  Plaintiffs chiefly allege that Defendants, in violation of  42 U.S.C. § 1983, (1) unlawfully retaliated against Plaintiffs for joining an outspoken homeowners coalition ("the Coalition") violating their First Amendment rights, and (2) maliciously prosecuted Plaintiffs because the issuance of fifty-eight summonses constituted an unlawful seizure under the Fourth Amendment.  Plaintiffs also allege under §1983 that Defendants (3) seized Plaintiffs' real property without due process of law in violation of the Fifth and Fourteenth Amendments, (4) deprived Plaintiffs of their equal protection and (5) substantive due process rights, (6) violated the Fair Housing Act, 42 U.S.C. § 3617 and (7) impeded Plaintiffs' contractual relationship with minority tenants, in violation of 42 U.S.C § 1981.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, [and] is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  However, to the extent the denial of qualified immunity turns on a disputed issue of fact, we lack jurisdiction under § 1291. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).  "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.*  "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007) (internal quotation marks omitted).

It is clearly established that a person has the right to be free from retaliation for an exercise of First Amendment rights, *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001), and malicious prosecution under the Fourth Amendment, *Singer v. Fulton County Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). In order to state a claim for retaliation, the plaintiff must prove (1) his conduct was protected by the First Amendment, (2) the defendants' actions were motivated or substantially caused by the exercise of that right, *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007), and (3) defendants' actions effectively "chilled" the exercise of plaintiff's First Amendment right. *Curley v. Village of Suffern*, 268 F.2d 65 (2d Cir. 2001). A plaintiff asserting a malicious prosecution claim must "show some deprivation of liberty consistent with the concept of 'seizure.'" *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Singer v, Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995). Qualified immunity, generally shields government officials from liability for damages on account of their performing discretionary official functions that a reasonable person would not have known violate clearly established law. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 531 (2d Cir. 1993). Where the objective reasonableness of state action depends on credibility determinations, a genuine issue of material fact precludes summary judgment. *Dillon v. Morano*, 497 F.3d 247, 253 (2d Cir. 2007).

Defendants-Appellants argue on appeal that Plaintiffs-Appellees did not suffer from First Amendment retaliation because the issuance of summonses did not chill Plaintiffs' behavior. *See Curley*, 268 F.3d at 73 (stating actions alleged must chill behavior to establish a First Amendment retaliation claim). Defendants-Appellants also argue that the fifty-eight summonses that were issued did not amount to a Fourth Amendment "seizure" because this Court has held "that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." *See Burg*, 591 F.3d at 98; *Cf. id.* (stating "[t]he number of appearances may bear upon whether there was a seizure"). Alternatively, Defendants-Appellants claim their actions were objectively reasonable because Plaintiffs' properties were in violation of Brookhaven's Code, thus the summonses would be issued regardless of any supposed animus against Plaintiffs.

As to Appellants' First Amendment and malicious prosecution claims, where Appellants' arguments challenge the district court's determination that the record sets forth genuine issues of material fact for trial, we dismiss for lack of jurisdiction. "[W]here the district court denied immunity on summary judgment because genuine issues of material fact remained, we have jurisdiction to determine whether the issue is *material*, but not whether it is *genuine*." *Bolmer v. Oliveira*, 594 F.3d 134, 140–41 (2d Cir. 2010) (internal citations omitted). Here, the district court found genuine issues of fact remain as to: (1) whether the Defendant retaliated against Plaintiffs, where they received no summonses for five years, but were then "deluged" subsequent to their protests, (2) whether the Defendants maliciously prosecuted Plaintiffs, where fifty-six of the fifty-eight summonses were dismissed on the merits, and (3) whether the Defendants acted objectively unreasonably where the overwhelming majority of dismissed summonses suggested improper motivations. Although state action may be upheld if the action would have been taken based on the proper reasons alone, *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996), the district court's denial of qualified immunity, on these grounds, does not turn on an issue of law, but on questions of fact and credibility. Thus, we lack jurisdiction under 28 U.S.C. § 1291 to address Plaintiffs' First Amendment and malicious prosecution claims.

3

Despite our limited jurisdiction, on appeal the Defendants contend that Plaintiffs unsuccessfully show any material factual disputes as to all other claims. In determining whether there are genuine issues of material fact, we resolve any ambiguities and draw all permissible factual inferences in favor of the non-movant. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). However, a non-movant cannot defeat a motion for summary judgment merely through conclusory statements or allegations. *See Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002). We review orders granting summary judgment de novo and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).

In its order, the district court stated, "The facts also raise the question of whether the Town's treatment of plaintiffs amounted to an equal protection violation *if they can show* that landlords in substantially similar circumstances were not ticketed." Dist. Ct. Op. at 11. The court also stated, "there are questions of fact as to whether the Town interfered with plaintiffs' choice of lessees based on their race or national origin." *Id.* at 12. However, the district court did not identify any facts that could amount to violations as to these claims. Plaintiffs also fail to bring any additional facts forward in their briefs as to these claims. As explained below, we conclude Plaintiffs remaining claims, at issue here, fail as a matter of law.

While "[a] white person who has been punished for trying to vindicate the rights of (non-white) minorities has standing to sue under § 1981," *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir. 1975) (citing *Sullivan v. Little Hunting Park*, 396 U.S. 229 (1969) (alterations omitted)), it remains "[e]ssential" to such an action that plaintiffs allege "that the defendants' acts were purposefully discriminatory," *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir. 1988). Similarly, while the Fair Housing Act protects from retaliation any person who aids another in the exercise of rights protected by the Act, *see* 42 U.S.C. § 3617, a plaintiff must show a "causal connection . . . between the protected activity and the adverse action" as part of his *prima facie* case, *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002) (internal quotation marks omitted). In the present case, Plaintiff Michael Santulli admitted that he did not intend to represent a particular racial group and discovery revealed no additional evidence that Appellees were aiding the few minority tenants in their buildings. Moreover, Appellees have failed to adduce any evidence of racial discrimination on the part of the Defendants. Appellees only provide a single inadmissible hearsay statement, attributed to the Defendants, to show discrimination because of race. Thus, we conclude their claims as to Section 1981 and the Fair Housing Act fail as a matter of law.

In order to state a claim for equal protection, a plaintiff not alleging discrimination based on his own membership in a protected class can proceed by establishing that the government did not treat similarly situated individuals alike. *Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2004). A plaintiff must present evidence comparing himself to individuals that are similarly situated in all material respects, *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000), and must also demonstrate differential treatment, for impermissible reasons "such as . . . intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [the plaintiff]." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). Plaintiffs allege the Defendants discriminated against them because their property, which had a faulty fire alarm system and a can of gasoline stored in the hallway was condemned. However, Plaintiffs offers

4

no evidence that other landowners, with similar "life-threatening" violations on their property, were treated differently. Because Plaintiffs fail to show similarly situated properties were not condemned, the Defendants-Appellants are entitled to summary judgment on Plaintiffs' equal protection claims.

It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process. *Shmueli v City of New York*, 424 F.3d 231, 236-38 (2d Cir. 2005). Acts outside of a prosecutor's jurisdiction include those "that cast him in the role of an administrator or investigative officer rather than that of advocate." *Warney v. Monroe County*, 587 F.3d 113, 121 (2d Cir. 2009). Thus, to establish immunity, the "ultimate question" is "whether the prosecutors have carried their burden of establishing that they were functioning as 'advocates' when they engaged in the challenged conduct." *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996). Insofar as it is alleged that Defendant Negron directed others to issue summonses, immunity lies, because the issuance of summonses is part of the prosecutorial function, having effectively initiated prosecutions for the violations alleged. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding prosecutor absolutely immune from damages for "initiating a prosecution"); *Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1987) (noting that absolute immunity shields prosecutor from damages in connection with "decision to charge and arrest"). Plaintiffs proffered no evidence that, contrary to Defendant Russello's statement Defendant Negron ordered him to *investigate* improperly. Where Plaintiffs provide no other facts that the prosecutor was acting outside of his jurisdiction, and the district court failed to reach this issue, we conclude Plaintiffs' claim that absolute immunity does not apply also fails.

Accordingly, the appeal, as to First Amendment and malicious prosecution claims is hereby **DISMISSED** in part for lack of appellate jurisdiction and these claims are **REMANDED** to the district court for further proceedings. Additionally, we have considered Appellees' remaining arguments and find they fail as a matter of law, thus the decision and order of the district court hereby is **REVERSED** in part, as to all remaining claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5